IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40164
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

JOSE LUIS MARTINEZ,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
UDC No. V-96-CR-12-1
- - - - - - - - - -

December 10, 1998

Before WISDOM, DUHE', and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Luis Martinez (Martinez) pleaded guilty to possession
of more than five kilograms of cocaine with the intent to
distribute.  21 U.S.C. § 841(a)(1).  He appealed the denial of a
motion to suppress evidence, which he argued was obtained as the
result of an invalid traffic stop pursuant to the Fourth
Amendment prohibition against unreasonable searches and seizures.

The district court concluded that Martinez violated Tex.
Transp. Code Ann. § 502.404(a), failure to display a license

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

plate, providing probable cause for the traffic stop that led to the discovery of illegal narcotics. Even assuming that the traffic stop was not valid, the district court determined that Martinez voluntarily consented to a search of his vehicle, dissipating the taint of the alleged Fourth Amendment violation.

Assuming the initial stop was improper, Martinez voluntarily consented to a search of the vehicle. His consent was unsolicited; there was no evidence of police coercion; he was told that he was free to go; and he was informed of his right to refuse consent. In light of this court's decision in *United States v. Kelley*, 981 F.2d 1464, 1471-72 (5th Cir. 1993), these particular circumstances demonstrate that Martinez's consent was in fact voluntary. *See also Brown v. Illinois*, 422 U.S. 590 (1975); *United States v. Olivier-Becerril*, 861 F.2d 424 (5th Cir. 1988). Any defect in the initial traffic stop was cured by the consent. *See Kelley*, 981 F.2d at 1470. Accordingly, Martinez's motion to suppress was properly denied.

AFFIRMED.